## No. 25402

### The People of the State of Colorado v. Martin A. Kane
(494 P.2d 96)

Decided March 6, 1972.

Duke W. Dunbar, Attorney General, John P. Moore, Deputy, L. James Arthur, Assistant, for The People of the State of Colorado.

No appearance for Attorney Respondent.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This matter arises as a result of complaints filed against Martin A. Kane with the Grievance Committee of the Supreme Court of the State of Colorado. Notices were sent to the Respondent advising him that hearings had been set on this matter. Thereafter, the Attorney General was advised by an attorney that Respondent had turned over his Grievance Committee files in this matter to him, and had departed on a trip to New Zealand and would not be returning for some time. Immediately prior to the hearing, the same attorney contacted the Chairman of the Hearing Committee, advised that he knew none of the facts and could not make an appearance for the Respondent. Proceedings were then held on the complaint filed.

After the proceedings, the Committee made findings of fact and recommended suspension. Notice was then sent to Mr. Kane that he could file objections to these recommendations. The attorney mentioned previously then contacted Mr. Kane by telephone and advised him of this and was told by Kane that it was not his intention to file objections to the Committee's report at this time.

The Committee found that in March of 1969 one James C. Adam employed the Respondent to obtain a divorce for him, which divorce was obtained in September of 1969, and the said Adam was ordered to pay $375 per month alimony and support. In the fall of 1969, subsequent to the divorce, Adam contacted the Respondent with great frequency in an effort to obtain relief by petition to the court seeking reduction of

the monthly payment and was advised by the Respondent that he would take care of the situation.

After a great many telephone calls during the spring and summer of 1970 in which he attempted to contact the Respondent, Adam was advised in September of 1970 that a hearing had been set on September 11, 1970 on a petition to reduce support and alimony. On September 11, 1970, Adams drove to Trinidad, Colorado, where the hearing was supposedly scheduled, for the purpose of attending this hearing, and the Respondent failed to appear. Both the Clerk of the court and the Judge advised Adam that no hearing had been scheduled.

Thereafter, Adam made inquiry of the Respondent by telephone concerning the matter and was advised by the Respondent that the case had been continued to September 18, 1970. Adam again drove to Trinidad, Colorado, and again Respondent failed to appear. The Committee found that at that time no petition had been filed, although Respondent repeatedly assured Adam that such petition would be filed. Adam continued to call Respondent and Respondent refused to speak to him or return the telephone calls. The record shows that Respondent never filed the petition on Adam's behalf. After the complaint was filed with the Grievance Committee, Respondent then withdrew his representation, contending that Adam had refused to furnish him with the necessary financial information.

With respect to a complaint lodged by one Fairclough, the Committee found that the Respondent was employed by a Utah attorney to pursue a collection claim against a debtor in Trinidad, Colorado. Despite assurances, both orally and in letters over a period of two years, that he was proceeding with the claim, the Committee found that the Respondent took no action at all.

It was the Committee's view that the Respondent acted unethically and improperly and that his conduct was contrary to the highest standards of honesty, justice and morality. We agree. It is clear that the Respondent deliberately misrepresented that he had filed a case when he had not

done so, and that the matter was set for hearing when it was not. It is clear that he made representations to the client at least three times. It is also clear that in another matter he failed for two years to take any action on behalf of a client he had agreed to represent.

From our reading of the record, it becomes clear that the Respondent totally failed to recognize the duties which are imposed upon him as a lawyer to whom clients entrust their legal matters. Such conduct cannot be condoned. It is also clear that the Respondent, knowing that a hearing had been set on the charges against him, deliberately left the jurisdiction of the court without making any arrangements with the Grievance Committee in this matter and without arranging for representation. Such action also indicates a complete lack of responsibility on the part of the Respondent toward his obligations as a lawyer.

It is the judgment of this Court that the Respondent be now suspended from the practice of law in this state and that he be assessed the costs of this proceeding, which are in the amount of $179.98 to be paid to the Clerk of this Court within 60 days.

MR. JUSTICE LEE not participating.